## C. L. CONNER *v.* WILLIAM JONES AND GEORGE SHERIFF.

LEASE—LANDLORD AND TENANT.—A lease of a lot of land at a certain rent reserved provided that at the expiration of the term the lessees should have the right to remove from the premises all buildings and improvements by them

put on the land after the date of the lease, unless the lessor should pay for the same, and that the value of the same should be ascertained by two persons, one appointed by the plaintiff, and one by the defendant, and in case of a disagreement, a third by the two, and that the lessor should not take possession except on payment of the value of the improvements, and that he should give the lessees thirty days notice of his intention to take possession of the premises. *Held,* that the leasehold became determined by the lessor's thirty days' notice to quit, and his offer to perform on his part and his tender of the full value of the improvements. *Held,* further, that an appointment by the lessor of one appraiser and notice of the same to the lessees, and their failure for thirty days thereafter to appoint another, gave the lessor the right to appoint two appraisers, although the lease did not provide within what time the lessees should appoint an appraiser, nor that the lessor might appoint both. *Held,* further, that a demand for rent due up to a day before the expiration of the thirty days named in the notice did not keep on foot the relation of landlord and tenant after the expiration of said thirty days.

DENIAL OF TENANCY BY TENANT.—If a tenant denies the relation of landlord and tenant, and refuses to pay rent, he cannot afterwards revive that relation by offering to pay rent.

APPEAL from the County Court, Sacramento County.

The facts are stated in the opinion of the Court.

*Henry H. Hartley,* for Appellants.

*P. L. Edwards,* for Respondent.

By the Court, CURREY, J.

The parties entered into an agreement on the 22d of October, 1860, by which the plaintiff leased to the defendants certain premises at a certain rent reserved, for the term of one year from the date thereof, with the privilege to the defendants of a renewal of the lease for one year longer on the same conditions, with the right to remove from the premises at the expiration of the term of the leasehold all the buildings and improvements before then erected thereon, unless the plaintiff should pay for the same—and it was further provided by the agreement that the plaintiff should not enter and take possession of the premises at the expiration of the second year, except on payment to the defendants of the value of all the improvements they might put or cause to be put on the premises after the date of the lease. It was stipulated that the

value of such improvements should be determined by two persons, one of whom should be nominated .by the plaintiff and the other by the defendant, and in case of the disagreement of the persons so named, they were to select a third. The agreement of two of the three persons so selected, it was provided, should be binding on the parties. It was further agreed that the plaintiff should give to the defendants at least thirty days notice of his intention to take possession of the premises at the expiration of the second year, and on failure to do so, the defendants were at liberty to renew the lease until the foregoing conditions should be fully complied with by the plaintiff.

Sometime in the year 1863, after the 20th of May, but at what particular time the record does not show, the plaintiff commenced an action in a Justice's Court, under the Act concerning forcible entries and unlawful detainers, for the purpose of obtaining possession of the demised premises. The complaint contains allegations of the performance of the conditions entitling him to the possession of the premises and of a refusal of the defendants to surrender the possession of the same, according to the agreement on their part so to do. The defendants controverted the material averments of the complaint. The cause was tried before the Justice and a jury, and judgment was rendered for the plaintiff. The defendants appealed to the County Court, and judgment was again rendered for the plaintiff. The defendants then moved for a new trial, which was denied, and from the judgment and order an appeal was taken to this Court.

From the record it appears that on the 10th of April, 1863, the plaintiff gave to the defendants a notice in writing informing them that the lease had expired, according to its terms, and demanding that they surrender to him possession of the premises within thirty days thereafter. That he declined purchasing or paying for any improvements put on the premises prior to the date of the lease, and requiring them to remove the same within thirty days. That he had selected and appointed a certain person as referee to ascertain and value the improve-

ments put on the premises by them since the date of the lease, and requesting them to select and appoint a referee for the like purpose, to act in conjunction with the one appointed by him. That he was ready and offered to pay for the improvements whatever amount the referees might determine to be just, and also to comply in all respects on his part with the terms and conditions of the agreement.

It appeared in evidence, also, that defendant Jones stated to plaintiff in February or March, 1863, upon the plaintiff's demanding of him the rent then due, that the lease terminated on the 22d of October, 1862; that he did not hold under the lease, and would not pay any more rent. On the 6th of April, 1863, the plaintiff addressed a letter to the defendants requesting them to pay to Joseph Hull the amount of rent due up to the 22d of that month. This letter was delivered by Hull to the defendant Sheriff, who took it away with him without saying whether he would pay it or not. On the 22d of April the defendants tendered to the plaintiff the amount then due, which the plaintiff refused to receive, and on the 18th or 19th of May following the defendants again tendered to plaintiff the rent due and also a month's rent in advance, which the plaintiff refused to accept. The sum of money first tendered was paid into Court for the plaintiff when the defendants' answer was filed, and there remained at the time of the trial, subject to the order of the plaintiff.

The defendants failing and refusing to appoint a referee to ascertain and appraise the value of the improvements made on the premises after the date of the lease, two persons selected by the plaintiff for the purpose appraised and reported the value of such improvements at a certain sum, which one of the appraisers testified was their full value. The plaintiff testified he was willing to pay the amount fixed by these appraisers, and had tendered the same to the defendants, though at the time of the tender he thought, and still was of opinion, it was more than the improvements were worth.

The second section of the Act referred to provides that any Justice of the Peace shall have authority to inquire as therein-

after directed, as well against those who make unlawful or forcible entry into lands, tenements or other possessions, and detain the same as against those who, having lawful and peaceful entry into lands, tenements or other possessions, unlawfully detain the same; and that if it be found, upon such inquiry, that an unlawful or forcible entry hath been made, and that the said lands, tenements or other possessions, after a lawful entry, are held unlawfully, then such Justice shall cause the party complaining to have restitution thereof. The thirteenth section of the same Act provides, among other things, that when any person or persons shall hold over any lands, tenements or other possessions after the termination of the time for which they are leased to him or them, if the lessor shall make demand in writing of the tenant or tenants to deliver to him the possession of the demised premises, and if the tenant or tenants shall refuse or neglect for the space of three days after the demand to quit the possession, then upon complaint to any Justice of the Peace of the proper county the Justice shall proceed to hear, try and determine the same in the same manner as in other cases provided for in the Act, but shall impose no fine.

In this case the leasehold became determined by the lessor's thirty days notice to quit, and his offer and tender of performance on his part of the terms and conditions contained in the agreement, on his part to be performed and fulfilled, and his tender of the full value of the improvements for which he had contracted to pay the defendants. The agreement between the parties prescribes the mode by which the value of the improvements for which the plaintiff contracted to pay should be ascertained. But it is argued, on behalf of the defendants, that it is not provided within what time this should be done, nor that the failure of either of the parties to nominate a referee or appraiser for ascertaining such value should give the other the right to go on and select both appraisers. It may be admitted that the contract between the parties does not so provide in terms, but it does not, therefore, follow that either of the parties could defeat the object

of their stipulation for all time, nor that the contumacious refusal by one of the parties to appoint an appraiser would keep the lease on foot forever. The object of the parties was, in the first place, to secure to the lessees thirty days within which to surrender the premises to the lessor, and, in the second place, to ascertain the amount which the lessor should pay the lessees for the improvements which they had placed on the premises after the date of the lease. That the plaintiff offered and tendered to the defendants the full value of such improvements is in evidence, and does not, in fact, seem to be disputed. What more could the plaintiff have done? He could not compel the defendants to select an appraiser on their part to determine with one chosen by plaintiff the value of these improvements, nor could a Court of equity have compelled them to do so had suit been brought for the purpose, nor could the plaintiff have had a mandamus for such purpose. The plaintiff did all that he could or was bound to do in the premises, and his offer to make payment and his readiness so to do at the time of the trial was all that could justly be required of him. The defendants cannot be permitted to say that the relation of landlord and tenant was still subsisting between the parties at the time the action was brought. They had denied the relation previously and refused for a time to pay the rent due. They cannot for one purpose say they are tenants, and for another say they are not. They were tenants until the lease was determined by the notice of thirty days to surrender, and the demand for rent up to the 22d of April could not operate to keep on foot the relation of landlord and tenants after the expiration of the thirty days specified in the notice, because the thirty days expired after the term for which rent was demanded. We deem it unnecessary to pursue the subject further. We think substantial justice was done to the parties by the Court below and that the judgment should be affirmed.

Judgment affirmed.